UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | |
|---|---|
| SCOTT D. KEITH, <br><br> Plaintiff, <br><br> vs. <br><br> CITY OF TEA SD, TEA POLICE DEPT., JESSICA QUIGLEY, CHIEF OF POLICE, TEA SD; CITY OF TEA POLICE OFFICERS, TWO UNKNOWN; LINCOLN COUNTY SHERIFF SWENSON, LINCOLN COUNTY SHERIFF'S DEPT., LINCOLN COUNTY DEPUTY, UNKNOWN; AND LINCOLN COUNTY, <br><br> Defendants. | 4:19-CV-04157-LLP <br><br><br> 1915A SCREENING AND ORDER DISMISSING CASE |

Plaintiff, Scott D. Keith, filed a pro se lawsuit under 42 U.S.C. 1983. Doc. 1. This Court granted Keith leave to proceed in forma pauperis. Doc. 7. Pending before this Court are Keith's motion for service, Doc. 8, and his "Motion to proceed with 1st set of interrogatories," Doc. 9. This Court will conduct a 28 U.S.C. 1915A screening on Keith's complaint, Doc. 1.

**FACTUAL BACKGROUND**

Keith claims that on August 8, 2019, while he was walking a "Lincoln County Sherriff Deputy" (who was working as a Tea Police Officer) stopped him and "interrogated" him for his name. Doc. 1 at 4. Keith claims that on this occasion the Deputy did not have a warrant. *Id.* at 5. Later, Keith was approached by the same Deputy and two Police Officers who detained him, searched him, and released him. *Id.* at 4. Again, Keith claims that this interaction occurred without a warrant. *Id.* at 5.

Later, after Keith had reached his destination, he was stopped by a Police Officer and held until the Deputy from Lincoln County could take him into custody. Keith claims that during this interaction, the defendants had a warrant. *Id.* at 4-5. Keith reports that he suffered a ruptured rotator cuff and spinal cord injuries. *Id.* at 4. It is unclear from the record when or how these alleged injuries occurred, but Keith claims he suffered these injuries because of the actions of the defendants. *Id.* Keith claims that the defendants did not have probable cause to stop or search him. *Id.* Keith seeks monetary damages of the amount of 1 million and fifty dollars. *Id.* at 6.

## LEGAL BACKGROUND

The court must assume as true all facts well pleaded in the complaint. *Estate of Rosenberg by Rosenberg v. Crandell*, 56 F.3d 35, 36 (8th Cir. 1995). Civil rights and pro se complaints must be liberally construed. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Bediako v. Stein Mart, Inc.*, 354 F.3d 835, 839 (8th Cir. 2004). Even with this construction, "a pro se complaint must contain specific facts supporting its conclusions." *Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985); *Ellis v. City of Minneapolis*, 518 F. App'x 502, 504 (8th Cir. 2013). Civil rights complaints cannot be merely conclusory. *Davis v. Hall*, 992 F.2d 151, 152 (8th Cir. 1993); *Parker v. Porter*, 221 F. App'x 481, 482 (8th Cir. 2007).

A complaint "does not need detailed factual allegations . . . [but] requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). If it does not contain these bare essentials, dismissal is appropriate. *Beavers v. Lockhart*, 755 F.2d 657, 663 (8th Cir. 1985); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). If it does not contain these bare essentials, dismissal is appropriate. *Beavers*, 755 F.2d at 663. *Bell Atlantic* requires that a complaint's factual allegations must be "enough to raise a right to relief above the speculative level on the assumption that all the

allegations in the complaint are true." *Id.* at 555; *see also Abdullah v. Minnesota*, 261 Fed. Appx. 926, 927 (8th Cir. 2008) (citing *Bell Atlantic* noting complaint must contain either direct or inferential allegations regarding all material elements necessary to sustain recovery under some viable legal theory). Under 28 U.S.C. § 1915A, the court must screen prisoner complaints and dismiss them if they are "(1) frivolous, malicious, or fail[] to state a claim upon which relief may be granted; or (2) seek[] monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b). The court will now assess each individual claim under 28 U.S.C. § 1915A.

## LEGAL ANALYSIS

### I.       Claims against Governmental Entities

Keith sues the City of Tea, the Tea Police Department, Lincoln County, and the Lincoln County Sheriff's Department. Doc. 1 at 1. In order to establish a claim against a local government body, such as a City or County, Keith must allege that his constitutional rights have been violated by the City/County's official policy or widespread custom. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690-91 (1978). Because Keith has not claimed that the City of Tea or Lincoln County maintain a policy or custom that violates his constitutional rights, his claims against them fail. Further, the Eighth Circuit has also held that the entities such as the Police Department "are not judicial entities suable" under § 1983. *Ketchum v. City of West Memphis, Ark.,* 974 F.2d 81, 82 (8th Cir. 1992). Accordingly, all claims against the City of Tea, the Tea Police Department, Lincoln County, and the Lincoln County Sheriff's Department are dismissed under 28 U.S.C. §§ U.S.C. 1915(e)(2)(B)(i-ii) and 1915A(b)(1).

### II.      Official Capacity Claims

Keith sues two unknown Police Officers of the Tea Police Department, Jessica Quigley (Chief of Police for the Tea Police Department) and an unknown Lincoln County Deputy in their official

capacities only. *See* Doc. 1 at 2. A suit against a public employee in his or her official capacity is the legal equivalent of a suit against the governmental entity itself. *Bankhead v. Knickrehm*, 360 F.3d 839, 844 (8th Cir. 2004). In an official-capacity suit against a local government body, a plaintiff must show that a violation of a constitutional right was caused by an official policy or widespread custom. *Monell.*, 436 U.S. at 690-91. A governmental entity is liable under § 1983 "only when the entity itself is a 'moving force' behind the violation." *Clay v. Conlee*, 815 F.2d 1164, 1170 (8th Cir. 1987).

Here, Keith has not identified a specific Lincoln County or City of Tea policy or custom that caused a constitutional violation. Although a pro se complaint is liberally construed, it still must allege sufficient facts to support a claim. *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004). Because Keith has failed to allege sufficient facts against Lincoln County and the City of Tea under the *Monell* standard, his claims against defendants ( the two unknown Police Officers, unknown Lincoln County Deputy and Jessica Quigley) are dismissed under 28 U.S.C. §§ U.S.C. 1915(e)(2)(B)(i-ii) and 1915A(b)(1).

### III.     Individual Capacity Claims

The remaining defendant is Lincoln County Sheriff Swenson. Doc. 1 at 1. Although Keith did not indicate whether he was suing this defendant in his/her individual and/or official capacity this Court liberally construes the facts in favor of Keith. Thus, the Court will address any possible individual capacity claims against Swenson, however, any claim against Swenson in his/her official capacity is dismissed due to the rationale stated in the previous section.

A claim against Swenson in his/her individual capacity also fails. "Because vicarious liability is inapplicable to . . . § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Ashcroft v. Iqbal*, 556

U.S. 662, 676 (2009). Keith has not specifically alleged any facts against Swenson and only names him/her as a defendant. Further, even if Keith meant to assert a supervisory liability claim against Swenson this would also fail. "To establish personal liability of the supervisory defendants, [Keith] must allege specific facts of personal involvement in, or direct responsibility for, a deprivation of his constitutional rights." *Mayorga v. Missouri*, 442 F.3d 1128, 1132 (8th Cir. 2006). Thus, Keith's claims against Swenson in his/her individual capacity are dismissed under 28 U.S.C. §§ U.S.C. 1915(e)(2)(B)(i-ii) and 1915A(b)(1).

Accordingly, it is ORDERED

1. That Keith's complaint is dismissed under 28 U.S.C. §§ U.S.C. 1915(e)(2)(B)(i-ii) and 1915A(b)(1). Judgment is entered in favor of defendants.

2. That Keith's remaining pending motions, Docs. 8 and 9, are denied as moot.

DATED March 24, 2020.

BY THE COURT:

ATTEST:  
MATTHEW W. THELEN, CLERK

/s/ Lawrence L. Piersol  
Lawrence L. Piersol  
United States District Judge

/s/ Matthew W. Thelen